UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

DANNY LEE GREEN                    :              CIVIL ACTION  2:13-CV-1504
     BOP#10822-064                                        SECTION P

VERSUS                             :              JUDGE MINALDI


CHARLES MAIORANA                   :              MAGISTRATE JUDGE KAY


<u>REPORT AND RECOMMENDATION</u>


Before the court is the application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* petitioner Danny Lee Green (hereafter "petitioner").  Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons, IT IS RECOMMENDED that the application be DISMISSED WITH PREJUDICE.

I. BACKGROUND

The documentation produced by petitioner in the instant case, as well as information gathered from related cases that he has filed,[1] establishes the following chronology of relevant events:

- *June 22, 1989*: While serving a 35-year state sentence in Oklahoma, petitioner was indicted in the United States District Court for the Western District of Oklahoma for multiple violations of federal narcotics laws.

---

[1] *See Green v. Maiorana*, 2:13-cv-812 (W.D. La. 2013); *Brown v. Pub. Safety & Corr.*, 5:89-cv-937 (W.D. La. 1989).

- *August 14, 1989*:  Petitioner pled guilty to the federal charges.

- *November 22, 1989*: Petitioner was sentenced in the Western District of Oklahoma to two terms of 20 years and seven terms of 30 years, each sentence to run concurrently.

- *December 12, 1989*: Petitioner filed a direct appeal with the United States Tenth Circuit Court of Appeals.

- *May 9, 1991*:  The Tenth Circuit denied petitioner's appeal.

- *July 30, 1991*: Petitioner filed a habeas corpus application pursuant to 28 U.S.C. § 2255 in the United States District Court for the Western District of Oklahoma. *Green v. USA*, 5:91-cv-1194.

- *August 5, 1992*:  The district court denied petitioner's § 2255 application.

- *September 1, 1992*:  Petitioner appealed to the Tenth Circuit Court of Appeals.

-  *April 15, 1993*:  The Tenth Circuit denied petitioner's appeal.

- *September 26, 2001*:  The Tenth Circuit denied petitioner's request for leave to file a second or successive § 2255 habeas application.

- *August 4, 2008*:  Petitioner filed a habeas corpus application pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Arkansas.

- *November 3, 2008*:  The district court denied petitioner's § 2241 petition.

- *March 2, 2010*:  Petitioner filed a motion in the Eastern District of Arkansas for modification of sentence under 18 U.S.C. § 3182(c)(2).  The motion was denied, and petitioner appealed to the Tenth Circuit.

- *December 8, 2010*:  The Tenth Circuit denied petitioner's appeal.

*See generally* doc. 1, att. 1; Doc. 9.

On June 5, 2013, petitioner filed the instant habeas corpus application pursuant to 28 U.S.C. § 2241.  Doc. 1.  He amended his application on September 23, 2013.  Doc. 9.  Petitioner asserts that, under the Supreme Court's ruling in *DePierre v. United States,* 131 S. Ct. 2225 (2011), he is actually innocent of the underlying criminal charges and of his status as a career

criminal offender.  He further alleges that under *Alleyne v. United States*, 133 S.Ct. 2151 (2013), his 1989 conviction and sentence violated his rights under the Fifth and Sixth Amendments

Based on the above, petitioner asks this court to vacate/overturn his conviction and sentence and/or remand his case for resentencing without the career criminal enhancement.

## II. LAW AND ANALYSIS

### A. 28 U.S.C. §§ 2241 & 2255

A habeas corpus application under 28 U.S.C. § 2241 is generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Conversely, a motion to vacate sentence under 28 U.S.C. § 2255 is used to collaterally attack the legality of a conviction or sentence.  *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

Here, petitioner's § 2241 application collaterally attacks his federal conviction and sentence imposed after he entered a guilty plea.  Because petitioner is contesting errors that occurred prior to or at sentencing, and not the manner in which the sentence is being executed, his claim is more appropriately raised in a § 2255 motion to vacate.

### B. Savings Clause

A federal prisoners *may* use § 2241 to challenge the legality of his conviction or sentence, but only if the "savings clause" of § 2255 is satisfied.  *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The savings clause provides that a federal prisoner may file an application for a writ of habeas corpus pursuant to § 2241 only if the § 2255 motion's remedy is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.  A prisoner seeking such relief under the savings clause must establish: (1) that his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been

convicted of a nonexistent offense; and (2) that his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.

Petitioners who rely on the savings clause bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make the § 2255 inadequate or ineffective.  *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

In the instant case, petitioner filed his application under § 2241 and attacks the legality of his conviction or sentence.  Therefore, he must prove that the savings clause applies. .

### C.  Lack of Retroactively Applicable Supreme Court Case

Petitioner has pointed to two recent Supreme Court cases that he claims should be retroactively applied to his case. For the reasons that follow, we conclude that neither case renders the savings clause applicable.

#### 1.  *DePierre v. United States*

Petitioner argues that *DePierre v. United States*, 131 S.Ct. 2225 (2011) establishes that petitioner is "actually innocent" of his conviction.  The question presented in *DePierre* was whether, within the text of 21 U.S.C. § 841(b)(1)(A)(iii), the term "cocaine base" encompassed solely crack cocaine or any form of cocaine in its "basic form."  *DePierre*, 131 S.Ct. at 2230. The *DePierre* court held that the term "cocaine base" includes all forms of "base" cocaine, including crack, free base, or any other "base" form of cocaine.  *Id.* at 2233.

Petitioner argues that *DePierre* establishes that he is actually innocent pursuant to 21 U.S.C. §841(b)(1)(B), because the government did not establish beyond a reasonable doubt the precise type of drugs he was convicted of possessing.  However, *DePierre* does not support that assertion.  *DePierre* dealt with the breadth of the definition of base cocaine in 21 U.S.C. § 841(b)(1)(A)(iii); the decision did not decriminalize or otherwise affect any of the heroin-related offenses of which petitioner was convicted.  As such *DePierre* in no way establishes that petitioner may have been convicted of a nonexistent offense.

Accordingly, *DePierre* is inapplicable to this case.  The decision has not been recognized as or declared to be a retroactively applicable Supreme Court decision, nor does the decision render petitioner actually innocent of his offense.

### 2.  *Alleyne v. United States*

Petitioner contends that the recent Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) entitles him to relief in this collateral proceeding.  Specifically, he claims that his 1989 conviction and sentence were in violation of his Sixth Amendment right to a jury trial and his Fifth Amendment right to due process.

Petitioner relies on the *Alleyne* court's holding that any fact that by law increases the penalty for a crime is an element that must be submitted to a jury and found beyond a reasonable doubt.  *Alleyne*, 133 S.Ct. at 2155.  Petitioner claims *Alleyne* is retroactively applicable to his case in that his sentence was unjustly enhanced at sentencing by a judge rather than a jury, and that therefore he should be resentenced in accordance with *Alleyne*.

Despite petitioner's contentions, there is no indication in *Alleyne* that the Supreme Court made its holding retroactive to cases on collateral review.  The Supreme Court has clearly stated that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court

holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001).  Furthermore, although the Fifth Circuit has yet to rule on this issue, other courts have consistently held that *Alleyne* is not retroactive.[2] Furthermore, *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Supreme Court has held that other rules based on *Apprendi* do not apply retroactively to cases on collateral review. *Simpson*, 721 F.3d at 876 (citing *Schriro v. Summerlin*, 542 U.S. 348 (2004). Therefore, there is nothing to suggest that *Alleyne* will be applied retroactively.

### D.  Conclusion

Petitioner has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense. Since he has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255.

## III. RECOMMENDATION

Petitioner is unable to carry his burden of proving that his § 2241 petition falls under the savings clause of § 2255, and therefore he may not avail himself of § 2241 relief in this case.  In sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,   **IT IS RECOMMENDED** that the application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

---

[2] *See, e.g.*, *Simpson v. United States*, 721 F.3d 875, 875–76 (7th Cir. July 10, 2013); *United States v. Stewart*, 2013 WL 4553349 at *1 (S.D. Miss., Aug. 28, 2013); *Smith v. Holland*, 2013 WL 4735583 at *4 (E.D. Ky., Sept. 3, 2013); *Mingo v. United States*, 2013 WL 4499249 at *2 (W.D. Mich., Aug. 19, 2013); *United States v. Ailsworth*, 2013 WL 4011072 at *1 (D. Kan., Aug. 6, 2013); *United States v. Cantu–Rivera*, 2013 WL 3873281, at 1 (S.D. Tex., July 24, 2013); *United States v. Eziolisa*, 2013 WL 3812087 at * 3 (S.D. Ohio, July 22, 2013); *Carter v. Coakley*, 2013 WL 3365139 at * 4 (N.D. Ohio, July 3, 2013).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this report and recommendation have 14 days from the date of its service of to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within 14 days after being served with a copy of any objections or response to the District Judge.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within 14 days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See Douglass v. United Services Automobile Association*, **79 F. 3d 1415 (5th Cir. 1996).**

THUS DONE this 10th day of December, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE